**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **I. A. ALI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **12-11384-FDS** |
| | ) | |
| **RAND BEERS, as Acting Secretary of the** | ) | |
| **Department of Homeland Security, and JOHN** | ) | |
| **MORTON, Director of U.S. Immigration &** | ) | |
| **Customs Enforcement for the Boston District** | ) | |
| **Office,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 8 U.S.C. §
1226.  Petitioner I. A. Ali seeks habeas relief on the grounds that an Order of Supervision
compelling him to make indefinite semi-annual appearances before the Immigration and
Customs Enforcement office violates his constitutional rights to due process of law.  For the
reasons set forth below, the petition will be denied.[1]

**I.      Background**

**A.      Factual Background**

I. A. Ali is (apparently) a citizen of Somalia.  He has resided in the United States since at
least 2001.  At some point—the record is unclear—the government instituted removal

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Rand Beers, Acting Secretary of the U.S. Department of Homeland
Security, has been substituted for Janet Napolitano, who resigned from the public office of Secretary on September
6, 2013.

proceedings against him, and apparently he sought asylum.  On July 16, 2001, an immigration

court granted Ali the relief of "withholding of removal."  (Pet. for Writ ¶ 9).[2]  The Immigration

Judge's written order was essentially in the form of a filled-out checklist with handwritten

notations.  According to the original written version of that order, (1) Ali's application for

asylum was denied; (2) his application for withholding of removal was granted; (3) his "CAT"

application was withdrawn;[3] and (4) both he and the government waived their rights to an

appeal.  The original written order did not direct that Ali be removed, nor did it indicate a

country to which he should be removed.  In addition, the order stated:

> This is a summary of the oral decision entered on Jul[y] 16, 2001.  This
> memorandum is solely for the convenience of the parties.  If the proceedings
> should be appealed or reopened, the oral decision will become the official opinion
> in the case.

(Pet. for Writ, Ex. A at 2).  According to Ali, the Immigration Judge did not orally state that he

was ordered removed from the United States to Somalia.  (Petitioner's July 31, 2013 Affidavit

("Pet. Aff.")).

Four years then passed.  Neither party provides a reason for the lengthy gap, or indicates

whether Ali was subject to an order of supervision prior to 2005.

On July 15, 2005, Ali received an Order of Supervision.  (Pet. for Writ ¶ 10).  The Order

of Supervision stated that Ali had been ordered removed on July 16, 2001.  It then stated that

---

[2] To be eligible for "withholding of removal," an "alien must show either that (i) he has suffered past persecution on account of a statutorily protected ground, thus 'creating a rebuttable presumption that he may suffer a future persecution' if repatriated, or (ii) that it is 'more likely than not that he will be persecuted on account of a protected ground upon his return to his native land.'"  *Lopez-Castro v. Holder*, 577 F.3d 49, 52 (1st Cir. 2009).

[3] A "CAT" application is an application for relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231 (2000)).  *Enwonwu v. Gonzales*, 232 Fed. Appx. 11, 12 (1st Cir. 2007).

"[b]ecause Immigration and Customs Enforcement (ICE) has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and be permitted to be at large under the following conditions."  It then listed the conditions, as follows:

> That you appear in person at the time and place specified, upon each and every request of ICE, for identification and for deportation of removal.

> That upon request of ICE, you appear for medical or psychiatric examination at the expense of the United States Government.

> That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as ICE considers appropriate.

> That you do not travel outside the State of _____ [*sic*] for more than 48 hours without first having notified this ICE office of the dates and places of such proposed travel.

> That you furnish written notice to this ICE office of any change of residence within 48 hours of such change.

> That you report in person on the third business day of June + December to this ICE office at: Deportation Section . . . unless you are granted written permission to report on another date.

> That you assist ICE in obtaining any necessary travel documents.

> That you not engage in employment not authorized by the Citizenship and Immigration Service (CIS).

> That you do not associate with known gang members, criminal associates, or be associated with any such activity.

> That you do not commit any crimes while on this Order of Supervision.

> That you continue to follow any prescribed doctor[']s orders whether medical or psychological including taking prescribed medications.

> That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

That you provide ICE with written responses from the Embassy or Consulate regarding your request.

Any violation of the above conditions may result in revocation of your employment authorization document.

Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

Other.  That you not receive any form of public assistance.

(Pet. for Writ, Ex. B).  Pursuant to that order, Ali has reported, in person, to the ICE Office two times per year since 2005.  (Resp.'s Opp. at 4).

On July 28, 2012, Ali filed the present petition for a writ of habeas corpus.  On August 30, 2012, the Department of Homeland Security filed a "Motion to Correct Voluntary Departure Order" with the Immigration Court.  At that point, more than eleven years had passed since the original order.  (Resp.'s Motion to Correct at 1-2).  That motion was granted on September 11, 2012.

The revised written order stated that (1) Ali "was ordered removed from the United States to Somalia"; (2) his application for asylum was denied; (3) his application for withholding of removal was granted (the order now included a handwritten notation, "removal to Somalia withheld"); (4) his "application for withholding of removal or deferral of removal under Article III of the Convention Against Torture" was withdrawn; and (5) he waived his right to appeal. (Opp. Pet. for Writ, Ex. A at 1).  Again, the order stated that it was merely a summary of the oral order entered on July 16, 2001.

   **B.**     **Procedural Background**

As noted, the present petition was filed on July 28, 2012.  The government's opposition

contended, among other things, that he was subject to an order of removal and was properly

under an order of supervision.  In a Memorandum and Order dated July 26, 2013, the Court held

that Ali was in "custody" pursuant to 28 U.S.C. § 2241(c)(3).  Because the content of the

original 2001 order was unclear, petitioner was given an opportunity to address the content of

that order.  Specifically, the Court ordered that the petition would be dismissed unless petitioner

filed within 30 days "an amended petition addressing the complete content of the July 16, 2001

order of the Immigration Court in a manner consistent with this opinion."

> In response, petitioner filed an affidavit on July 31, 2013, stating:
>
> On July 16, 2001 during the removal proceeding hearing at the Immigration Court
> in Memphis, Tennessee the Immigration Judge Charles E. Pazar did not orally
> state to me or to the Court that I was ordered removed from the United States and
> to return to my native country of Somalia.

(Pet. Aff.).  The affidavit does not address "the complete content of the July 16, 2001 order," and

is not an amended petition.  Nonetheless, considering the affidavit in combination with the

petition, the Court will deem plaintiff to have alleged that the oral decision entered on July 16,

2001, did not order him removed to Somalia.

## II.    Analysis

"[E]very person restrained of his liberty is entitled to an inquiry into the lawfulness of

such restraint, and to a removal thereof if unlawful."  *Boumediene v. Bush*, 553 U.S. 723, 744

(2008).  The district courts have jurisdiction to entertain petitions for habeas relief from persons

who are "in custody in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2241(c)(3).  "Before and after the enactment in 1875 of the first statute regulating

immigration, 18 Stat. 477, [federal court habeas] jurisdiction was regularly invoked on behalf of

noncitizens, particularly in the immigration context."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001).

As this Court previously held, the restraints imposed upon petitioner's liberty, which are not shared by the public generally, place him in "custody" for the purposes of this statute. *See* Memorandum and Order, Dkt. No. 14 (July 26, 2013). The question that remains is whether this custody is "unlawful."

The Immigration Judge's July 16, 2001 order of "withholding of removal" is the source, if any, of lawful restrictions on petitioner's liberty. *See* 8 U.S.C. § 1231(a)(3) (providing that removable aliens who are released from custody "shall be subject to supervision under regulations prescribed by the Attorney General"). An Immigration Judge's grant of withholding of removal "necessarily requires the [Immigration Judge] to have already determined that the alien is deportable." *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007); *see Chupina v. Holder*, 570 F.3d 99, 104-05 (2d Cir. 2009) (finding that a "grant of withholding of removal would establish an 'order of removal' because, for one reason, such grant requires the immigration judge to 'order[ ] removal'"); *see also Lazo v. Gonzales*, 462 F.3d 53, 54 (2d Cir. 2006) (same); *Muradin v. Gonzales*, 494 F.3d 1208, 1209 (9th Cir. 2007) (same).[4] Indeed, as a matter of logic, a finding of removal must precede a withholding of removal. Under the Immigration and Nationality Act, a finding that an alien is "deportable" is equivalent to an order of deportation. 8 U.S.C. § 1101(47)(A); *see Lazo*, 462 F.3d at 54; *Lolong*, 484 F.3d at 1177-78. In the 2001 written order, the Immigration Judge granted petitioner a withholding of removal. (Pet. for Writ Ex. A). Therefore, despite failing to check the box that "respondent was ordered removed," *id.*, the Immigration Judge necessarily made the finding that petitioner was

---

[4] Petitioner concedes that the Board of Immigration Appeals' decision in *Matter of I-S- & C-S-*, 24 I & N Dec. 432 (2008) does not apply retroactively, and therefore the Court need not interpret the appropriate application of the BIA's rule that "when an Immigration Judge decides to grant withholding of removal, an explicit order of removal must be included in the decision." *Matter of I-S- & C-S-*, 24 I & N Dec. at 434.

deportable.

In addition, this order is not invalid, as petitioner contends, for its failure to specify a country of removal.  (*See* Resp. Pet. for Writ at 4).  The regulation that petitioner cites, 8 C.F.R. § 240.12(d), was not in place in 2001, when the order was pronounced.  *See generally* 8 C.F.R. § 1 et seq. (2001).  Instead, that section included only sections (a) through (c).  *See id.* § 240.12. Therefore, the order is not unlawful on that basis.

Given that petitioner is subject to a deportation order, the law imposes on him various obligations.  An alien, "pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3).  One requirement, among others, must be that the alien "appear before an immigration officer periodically for identification."  *Id.*; *see* 8 C.F.R. § 241.5 (providing that an order of supervision should include that "the alien report to a specified officer periodically and provide relevant information under oath as directed"); *see also* 8 U.S.C. § 1231(a)(3)(A) (2000) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").  Although nothing in the record describes the supervision of petitioner from 2001 until the 2005 Order of Supervision, it appears that the 2005 Order's requirement that petitioner report for semiannual meetings at ICE appropriately implements the statute.  *See United States v. Witkovich*, 353 U.S. 194, 202 (1957) (finding that the Attorney General may require deportable aliens periodically to appear before the agency for identification purposes under Section 242 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a)(3)); *Dymytryshyn v. Esperdy*, 285 F. Supp. 511, 512 (S.D.N.Y. 1968) *aff'd*, 393 U.S. 77 (1968) (holding that statutory provision "for personal reporting once a year is not a burdensome

7

or unreasonable requirement"). Accordingly, petitioner's custody is not unlawful, and his petition for a writ of habeas corpus will be denied.

Finally, petitioner challenges the Department of Homeland Security's August 30, 2012 Motion to Correct Voluntary Departure Order and the Immigration Court's September 11, 2012 Order. He contends that they amend a final order—the 2001 oral decision—by an untimely motion in violation of his due process rights. Because the Court finds that the 2001 order included an order of removal, the 2012 alteration in the written order to include an explicit order of removal is irrelevant to the question of the lawfulness of petitioner's custody. Furthermore, having ruled on the lawfulness of custody, the purpose of the writ has been fulfilled. Habeas corpus is "an extraordinary remedy which will not ordinarily lie where there is an adequate remedy at law." *Bland v. Rodgers*, 332 F. Supp. 989, 991 (D.D.C. 1971). In the immigration context, federal courts generally do not have the power under their habeas authority to conduct a broad review of government actions. *Bakhtriger v. Elwood*, 360 F.3d 414, 420-21 (3d Cir. 2004). Here, an appropriate avenue of relief appears to exist at the BIA. *See* 8 C.F.R. § 1003.1(b) (providing appellate jurisdiction of BIA over decisions of Immigration Judges in exclusion, deportation, and removal cases). Accordingly, to the extent that petitioner seeks review of the 2012 motion and order here, relief on that ground will be denied.

## IV.     Conclusion

For the foregoing reasons, the defendants' petition for a writ of habeas corpus is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV

Dated: October 9, 2013                                                    United States District Judge